## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No.: _____

WILLIAM MARVIN KLAES, individually and on behalf of all others similarly situated,

      Plaintiff,

   v.

FRONTIER AIRLINES, INC,

      Defendant.

---

## CLASS ACTION COMPLAINT

---

Plaintiff William Klaes ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint ("CAC"), against Defendant Frontier Airlines ("Defendant" or "Frontier"), and in support states the following.

## NATURE OF THE SUIT

1. This is a class action lawsuit by Plaintiff on behalf of himself and all others similarly situated who accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, Defendant's refund Vouchers ("Vouchers"), that were manufactured, marketed, labeled, and distributed, by Defendant.

2. The above-described group of persons who accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, Defendant's Voucher is to be referred to as the Putative Class hereinafter.

3. Plaintiff brings this action because of Defendant's fraud, false marketing, false advertising, breach of contract, unjust enrichment, and breach of warranty.

4.      Defendant Frontier is a self-proclaimed budget airline, as documented in its About Us page and website branding.[1]

5.      Through its own marketing, Frontier is seeking out consumers who might be in vulnerable positions financially given its budget friendly marketing.

6.      Compounding the damages to Plaintiff and The Putative Class is the fact that Defendant has not offered refunds, or cash substitutions, for its inoperable Vouchers.

7.      In short, Plaintiff and the Putative Class have obtained a Voucher for upwards of fifty dollars, at a minimum, rather than obtaining cash, and are now stuck with a Voucher they cannot use.

8.      Given Plaintiff and the Putative Class's now worthless, inoperable, and nonrefundable Vouchers, declaratory and injunctive measures are appropriate.

9.      This Court possesses subject-matter jurisdiction to adjudicate the claims set forth herein under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are members of the Class who are diverse from Defendant, and (4) there are more than 100 class members.

10.      This Court has personal jurisdiction over Defendant Frontier Airlines, Inc., because its principal place of business is located in this judicial district, or it is registered to do business within this district.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this district, transacts business in this district, is subject to personal jurisdiction in this district, and therefore is deemed to be a citizen of this district.

---

[1] https://www.flyfrontier.com/about-us

12.     Given that Defendant Frontier's headquarters are located within this district, the design, approval, and distribution process of the Vouchers occurred or originated within this District. Additionally, Defendant has advertised in this district and has received substantial revenue and profits from its sale and/or distribution of Vouchers in this district; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

## PARTIES

### Plaintiff

13.     Plaintiff William Klaes is a resident of Seymour, Indiana. Seymour is located within Jackson County, Indiana.

14.     Around November 1, 2022, Plaintiff booked a flight, unfortunately it was cancelled.

15.     As a result of this, Plaintiff received a credit or voucher for his troubles, rather than cash or direct financial reimbursement.

16.     Unfortunately, Plaintiff could never use this Voucher. When Plaintiff attempted to use this Voucher, Plaintiff was met with fierce resistance, as seen below:

(Space intentionally left blank)

On Tue, Nov 1, 2022 at 9:38 AM Frontier Airline <support@usairlineservicesllc.com> wrote:

Dear William Marvin Klaes,

Thank you for contacting FRONTIER AIRLINES



William Marvin Klaes -7/30/1959
Julia Ann Klaes - 8/20/1960

You may cancel your booking K7J1MI and use the credit value (USD 705.87 USD) within one year of the original ticketing date. The travel must be completed by 31 DECEMBER 2023. However, to cancel and to hold the future credit there will be a charge of USD 75.00 per passenger (total of 150.00 USD ) on your card, on file.

At the time of re-booking, the difference in fare. The credit will be exclusively applicable with the same airline (FRONTIER AIRLINES), for the same passengers and routing. Additional fare rules may apply.

Total Amount to be charged: 150.00 USD

(FlightCharge Frontier Airline)

Card Holder:BILL KLAES

Card Number: MASTERXXXXXXXXXXXX7809

I,BILL KLAES , have read the term & conditions and I understand that fare is non-refundable. I agree to pay a total amount of US$ 150.00(Credit Card Number.MASTERXXXXXXXXXXXX7809-) for this purchase. I understand is to serve as my legal signature.

Please note: All cancellations must be completed before departure date.

For any Question & Queries, Feel free to reach us at 1-(844) 241-7850

We value your business and look forward to serve with your travel needs in near future.

Thank you
LARRY
1-(844) 241-7850
Ext.:4010

**Later the same day, this email arrived:**

Travel Desk via faredest.zohodesk.com



Dear Passenger ,

Greeting from Travel Desk!

We were unable to process your Recent Flight Reservation purchase as your Credit is already expired on January 2023.

To ensure that your Travel plans are not interrupted, please revert us back as soon as possible,.

You may reach us on our Toll Free number:  1–(888) 395–0331.

Waiting for prompt action...
Kind Regards,
Klaus
Reservation Specialist
1–(888) 395–0331
1–(844) 674–0864
1–(877) 667–0461.

**Then later the same day this email was recieved from Frontier:**

**Travel Desk** via faredest.zohodesk.com

to me

Thu

**Dear William,**

**Greetings of the day !**

**We really apologize for the inconvenience you had to face regarding your expired voucher. The credit voucher that has been issued to you for your cancelled flight was issued on the  November 1 2022 and actually expired on the January 31 2023 which was valid for a period of 90 days. We tried to extend your credit voucher to make your booking but was unsuccessful. But as a courtesy, we can provide you a credit voucher of an amount of 100 USD which will be valid until November 29 2023. If you want to make a new booking using the voucher, kindly give us a call back so that we can assist you further. We apologize again for all the difficulties you had to go through. We appreciate your cooperation. Please revert to us for further assistance.**

**Warm Regards,**
**Jeremy**
Travel Desk
**1-(844) 241-7850**

**So I replied:**

Jeremy,

Thank you for your kind email.

However I don't understand.   Frontier sent me an email on November 1, 2022 that stated,
**"You may cancel your booking K7J1MI and use the credit value (USD 705.87 USD) within one year of the original ticketing date. The travel must be completed by 31 DECEMBER 2023. However, to cancel and to hold the future credit there will be a charge of USD 75.00 per passenger (total of 150.00 USD ) on your card, on file."**

I am disappointed, as you would expect, that my $705.85 credit value, which I then paid $150.00 **"to hold the future credit"** is now being reduced to $100.00, which can not be used during the month of December when I want to travel to the Dominican Republic to visit my daughter and family, who are serving there as full time missionaries.

I am very disappointed.

**Bill Klaes**

6

**Frontier replied:**

**Travel Desk** via faredest.zohodesk.com

to me

**Dear William,**

**Greetings of the day !**

**We would like to inform you that your voucher had a validity of a period of 1 year, but the vouchers are required to be updated and extended every 90 days. And as a courtesy of your inconvenience, we have issued you a voucher for 100 USD and we will issue the refund of the cancellation fees (161.00 USD) that we have charged you. This is the best option we can proceed with. We apologize for all the inconvenience you had to go through. We appreciate your cooperation. Please revert to us for further assistance.**

**Warm Regards,**
**Jeremy**
Travel Desk
**1-(844) 241-7850**

-----------------------------------------------------------------------------------------------------------------

**So I replied...**

**Bill Klaes** <bklaes@gmail.com>

to support, bcc: Mia

Jeremy,

I wish I had a more pleasant response for you.

I don't understand why the stipulations to use my credit depends on a voucher, and these stipulations are not mentioned in Frontier's email correspondence.

Rules sent to me about the duration of a credit are false information.   The necessity of a voucher is not disclosed to the owners of Frontier credits.

I will attempt to find email addresses to the Frontier upper management and/or members of the Board of Directors and forward this email to them.  Interesting that Frontier emails are truncated.

These are very bad business practices of which everyone should be aware.

The meager offering of refunding the fees to sustain **"the credit value (USD 705.87 USD) within one year of the original ticketing date"** is not acceptable.

**Bill Klaes**

---------------------------------------------------------------------------------------------------
**Next I recieve...**

**Travel Desk** via faredest.zohodesk.com                                          12:40 AM (3 minutes ago)

to me   ▾

**Dear William,**

**Greetings of the day !**

**We would like to inform you that we have initiated a refund amount of 25.98 USD and the amount will be credited in your original mode of payment within 10-15 business days. We appreciate your cooperation.
Please revert to us for further assistance.**

**Warm Regards,
Jeremy**
Travel Desk
**1-(844) 241-7850**
---------------------------------------------------------------------------------------------------

**My experience with Frontier has been horrible.**

17.     Had Plaintiff known of the true nature of this Voucher, in that it was a nonrefundable and inoperable Voucher, Plaintiff would not have accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions or elected to receive the Voucher over a cash refund.

18.     As a result of his de facto purchase of the Voucher, Plaintiff has been defrauded of his purchase price and/or adequate refund amount, been deprived of his benefit of the bargain, and has been greatly inconvenienced.

19.     Further, Plaintiff has lost the opportunity to travel with some other airlines given that his budget and/or resources for flights has been reduced and limited.

### **Defendant**

20.     Defendant Frontier Airlines, Inc. is a Denver based airline, with its principal place of business at 4545 Airport Way, Denver, CO 80239.

21.     Defendant has a history of fraudulent behavior of dealing with consumers, as they overcharge passengers for bag fees.[2]

22.     This bag fee debacle grew to viral status on the app TikTok, with some videos garnering over a million views.[3]

## FACTUAL ALLEGATIONS

23.     Plaintiff accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, an airline ticket from Defendant in or around November of 2022.

24.     Plaintiff's flight was cancelled.

25.     As a result of this cancellation, Plaintiff was given a credit Voucher by Defendant.

26.     Unfortunately, and unbeknownst to Plaintiff, Plaintiff's Voucher expired at a date unspecified, undisclosed, or contrary to the initial terms for a credit Voucher.

27.     As a result of the Voucher's failure, Plaintiff has been deprived of his benefit of the bargain.

28.     Additionally, Defendant's contentions that their credit Vouchers are valid is fraudulent.

29.     If Plaintiff had known that Defendant's Vouchers were worthless, Plaintiff would have opted for cash rather than a Voucher.

30.     As a result of Defendant's fraudulent marketing, advertising, and statements, Plaintiff has been defrauded and deprived of his benefit of his bargain.

---

[2] https://www.denverpost.com/2023/07/21/frontier-airlines-lawsuit-hidden-fees/
[3] https://www.tiktok.com/channel/baggage-fees-frontier?lang=en

## CLASS ALLEGATIONS

31.    Plaintiff brings this action on behalf of himself, and all other similarly situated class members (the "Class") pursuant to Rule 23(a), (b)(2) and Rule 23 (b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks class certification on behalf of the class defined as follows ("the Nationwide Class").

### Nationwide Class

All persons in the United States who received a Voucher from Defendant from 2020 to the Present.

32.    Excluded from the Class are any Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

33.    The Nationwide Class shall be collectively referred to as the "Class". Proposed Members of said Class will be referred to as "Class Members", or otherwise referenced as "members of the Class".

34.    **Numerosity:** The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff currently.

35.    **Typicality:** Plaintiff's claims are typical to those of all Class members because members of the Class are similarly injured through Defendant's uniform misconduct described above and were subject to Defendant's deceptive claims.  Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

36.     **Commonality:** Plaintiff's claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class members. The claims of Plaintiff and all prospective Class members involve the same alleged defect. These common legal and factual questions include the following:

    a.  Whether Defendant's Vouchers are defective and/or inoperable;

    b.  Whether Defendant owed a duty of good faith and fair dealing to Plaintiff and the Class;

    c.  Whether Defendant knew or should have known that the Vouchers were defective and/or inoperable;

    d.  Whether Defendant wrongfully represents, and continues to represent, that its Vouchers are operable;

    e.  Whether Defendant's omissions are true, or are misleading, or objectively reasonably likely to deceive;

    f.  Whether the alleged conduct constitutes violations of the laws asserted;

    g.  Whether Defendant's allege conduct violates public policy;

    h.  Whether Defendant's representations in advertising, warranties, packaging, and labeling are false, deceptive, and misleading;

    i.  Whether those representations are likely to deceive a reasonable consumer;

    j.  Whether a reasonable consumer would consider the risk of the Vouchers not working;

    k.  Whether Defendant was unjustly enriched as a result of its marketing, advertising, sale and/or distribution of the Vouchers;

    l.  Whether Defendant breached its express warranties;

m. Whether Defendant breached its implied warranties;

n. Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

o. Whether Plaintiff and the Class Members are entitled to damages and/or restitution and the proper measure of that loss; and

p. Whether an injunction is necessary to prevent Defendant from continuing to market and distribute the Vouchers.

37. **Adequacy:** Plaintiff and his counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiff has retained counsel experienced in complex litigation and class actions. Plaintiff's counsel has successfully litigated other class action cases like that here and has the resources and abilities to fully litigate and protect the interests of the class. Plaintiff intends to prosecute this claim vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class, nor is Plaintiff subject to any unique defenses.

38. **Superiority:** A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by Plaintiff and the individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain meaningful and effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

39.     The Class also may be certified because Defendant has acted or refused to act on grounds applicable to the Class, thereby making final declaratory and/or injunctive relief appropriate with respect to the members of the Class as a whole.

40.     Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described above, such as continuing to market and sell Vouchers that may be defective. Further, Plaintiff seeks for Defendant to provide a full refund of the purchase price and/or adequate refund amount of the Vouchers to Plaintiff and the Class members.

41.     Unless a Class is certified, Defendant will retain monies received because of its conduct that was taken from Plaintiff and the Class members. Unless a Class-wide injunction is issued, Defendant may continue to commit the violations alleged and the members of the Class and the general public will continue to be misled and placed in harm's way.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Negligent Misrepresentation**
**(On Behalf of Plaintiff and the Class)**

42.     Plaintiff incorporates Paragraphs 1-41 by reference as if fully set forth herein.

43.     Through advertising and the course of its regular business, Defendant made representations to Plaintiff and the Class concerning the function, operability, and validity of the Vouchers.

44.     Defendant did not practice reasonable care in the above-mentioned design, creation, production, sale and/or distribution, and marketing of the Vouchers.

45.     Defendant made these statements as to guide consumers, such as Plaintiff and the Class, in the transactional process.

46.     Defendant knew that such statements would be relied upon, the fact that Defendant's Vouchers were operable and offered reductions, by Plaintiff and the Class, given that the statements were the entire reasoning for the acceptance of the Vouchers.

47.     Plaintiff and the Class would not have accepted the Vouchers without such statements and assertations put forth by Defendant.

48.     Defendant intended that Plaintiff and the Class to rely on the representations made by Defendant regarding the Vouchers.

49.     Plaintiff and the Class reasonably relied upon such representations and omissions to their detriment as they suffered damages.

50.     By reason thereof, Plaintiff and Class Members have suffered damages in an amount to be proven at trial.

51.     Due to Defendant's conduct, Plaintiff and the Class were damaged by Defendant in that they have been deprived of the benefit of their bargain and loss of purchase price and/or adequate refund amount or adequate refund and have missed travel opportunities that they will never get back due to lost time and expenses.

52.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's negligent misrepresentation of the Vouchers.

## SECOND CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of Plaintiff and the Class)

53.     Plaintiff incorporates Paragraphs 1-52 by reference as if fully set forth herein.

54.     Plaintiff and the Class bestowed benefits upon Defendant in the form of monies that were paid in exchange for Defendant's Vouchers.

55.     These benefits bestowed by Plaintiff were not a donation to Defendant as these monies were given for the purchase of the Vouchers.

56.     As a result of Defendant's wrongful and deceptive conduct alleged herein, Defendant knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by the Plaintiff and members of the Class when they accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, the Vouchers.

57.     In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

58.     Plaintiff and the Class paid for Vouchers that were properly functioning, Vouchers whose sole function was providing reduced rates. Instead, they received something entirely different and relatively unusable.

59.     As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

60.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

61.     Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive manufacturing, labeling, and marketing of the Vouchers to Plaintiff and members of the Class.

62.     Defendant's retention of such funds under circumstances making it inequitable to do so, constitutes unjust enrichment.

63.     The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class.

64.     Given the above, the circumstances make Defendant's retention of funds inequitable, without reimbursement for the funds to Plaintiff and the Class.

65.     Defendant should be compelled to disgorge in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by them, plus interest thereon.

66.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**THIRD CAUSE OF ACTION**
**Breach of Express Warranty**
**(On Behalf of Plaintiff and the Class)**

67.     Plaintiff incorporates Paragraphs 1-66 by reference as if fully set forth herein.

68.     As detailed above, Defendant, through its advertising and marketing expressly warranted that the Vouchers were for the purposes intended, that they were of merchantable quality, and that they provided reduced rates.

69.     Moreover, the description for the Vouchers represents the use of these Vouchers serves to provide reduced rates. Such statements constitute an affirmative promise that these Vouchers will indeed provide flights.

70.     Defendant breached this express warranty by providing Vouchers that were inoperable and could not provide such promised flights. The Vouchers, through whatever means, are inoperable.

71.     Plaintiff and the other Class Members read and relied on these express warranties provided by Defendant in the description of the product and subsequent advertisements.

72.     Defendant breached their express warranties because the Vouchers at issue are defective and unfit for their intended use.

73.     Defendant's breach of warranty proximately caused damages as it is foreseeable that such defective Vouchers, incapable of delivering on their warranties, would deprive Plaintiffs of their benefit of the bargain and monies paid for such Vouchers.

74.     Defendant were given notice of this breach through Plaintiff's numerous phone calls and notifications of such failures and inoperability of such Vouchers.

75.     Plaintiff and the other Class Members have suffered harm on account of Defendant's breach of its express warranty regarding the fitness for use of the Vouchers and are entitled to damages to be determined at trial.

76.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief thereunder for Defendant's failure to deliver Vouchers conforming to their express warranties and resulting breach.

## FOURTH CAUSE OF ACTION
### Breach of Implied Warranty of Fitness For A Particular Purpose
### (On Behalf of Plaintiff and the Class)

77.     Plaintiff incorporates Paragraphs 1-76 by reference as though fully set forth herein.

78.     Defendant's Vouchers were to be used as Vouchers to provide reduced rates and/or discounts in the airline setting. Thus, Defendant's Vouchers were of a particular purpose.

79.     Defendant knew of this particular purpose as Defendant produced, marketed, sold, and advertised the Vouchers as providing reduced rates.

80.     Defendant knew that Plaintiff relied on this promise of particularity as Defendant was aware of the assertions put forth regarding specificity and Plaintiff's required reliance on such a product.

81.     Plaintiff relied on Defendant's skill and capability to provide such a specific product.

82.     Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of his benefit of the bargain and loss of purchase price and/or adequate refund amount and has missed travel opportunities that he will never get back due to lost time and expenses.

83.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**FIFTH CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability**
**(On Behalf of Plaintiff and the Class)**

84.     Plaintiff incorporates Paragraphs 1-83 by reference as though fully set forth herein.

85.     Defendant sold the Vouchers to Plaintiff and other consumers.

86.     Plaintiff is a person who is reasonably expected to use such Vouchers, given that the Vouchers were sold to the public and Plaintiff is a consumer.

87.     Defendant is a commercial airline in the business of selling flights to consumers.

88.     Defendant presented the Vouchers as operable Vouchers that granted access to reduced rates and/or discounts for Plaintiff and other consumers.

89.     The Vouchers were not merchantable at the time of sale and/or distribution given that they did not provide reduced rates.

90.     This lack of merchantability is a breach of warranty.

91.     This breach both factually and proximately caused damages to Plaintiff through his loss of funds, deprivation of his benefit of the bargain, his missed trips and other travel

opportunities, emotional duress, and inconvenience faced throughout the process of remedying the issue related to the Vouchers.

92.     Plaintiff notified Defendant of this breach and lack of merchantability through his consistent calls, messages, and other communications to Defendant regarding its failure to provide operable Vouchers.

93.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's failure to deliver goods conforming to their implied warranties and resulting in breach.

## SIXTH CAUSE OF ACTION
### Breach of Contract
### (On Behalf of Plaintiff and the Class)

94.     Plaintiff incorporates Paragraphs 1-93 as if fully set forth herein.

95.     Through its marketing, advertisements, and promises, Defendant created a contract with Plaintiff.

96.     In specific, Plaintiff was to receive a Voucher for his flight cancellation.

97.     Plaintiff performed his obligation under the contract through his paid purchase price and/or adequate refund amount of the Vouchers.

98.     Defendant failed to perform their obligation under the contract in that Defendant failed to provide reduced rates and/or discounts as included in the Vouchers.

99.     Plaintiff and the Class have been damaged as a direct and proximate result of Defendant's breach.

100.    Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## SEVENTH CAUSE OF ACTION
### Fraud

**(On Behalf of Plaintiff and the Class)**

101.    Plaintiff incorporates Paragraphs 1-100 as if fully set forth herein.

102.    Defendant made a fraudulent misrepresentation of material fact in that Defendant marketed, sold, and promised Plaintiff a Voucher that would provide reduced rates.

103.    This fact of the Voucher providing reduced rates and/or discounts is material as that was the entire purpose of the Voucher and without such a promise, Plaintiff would not have accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, the Vouchers.

104.    Had Plaintiff known of the true inoperable and defective nature of the Vouchers, Plaintiff would not have accepted a Voucher as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions.

105.    Plaintiff relied on Defendant's misrepresentation in accepting a Voucher.

106.    Plaintiff was justified in relying on this misrepresentation as the true nature of the Voucher was not known to Plaintiff and Defendant promised a Voucher that would provide reduced rates.

107.    Plaintiff has suffered damages as a direct and proximate result of this justification as Plaintiff has lost out on his benefit of the bargain, lost funds stemming from his purchase price and/or adequate refund amount, has missed trips and other travel opportunities, has suffered emotional duress, and has been greatly inconvenienced by Defendant's inoperable Vouchers.

108.    Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**EIGHTH CAUSE OF ACTION**
**Fraudulent Misrepresentation and/or Inducement**
**(On Behalf of Plaintiff and the Class)**

109.    Plaintiff incorporates Paragraphs 1-108 by reference as if fully set forth herein.

110.    Defendant made a fraudulent misrepresentation of material fact in that Defendant stated that the Vouchers would provide reduced rates.

111.    These Vouchers did not provide reduced rates and/or discounts and this assertion of reduced rates and/or discounts was the entire basis for Plaintiff's purchase.

112.    Plaintiff relied on the above misrepresentation as the promise of reduced rates and/or discounts was the entire reason for his acceptance of the Voucher.

113.    Plaintiff was justified in relying upon the above misrepresentation that Defendant's Vouchers would provide reduced rates.

114.    Plaintiff's reliance resulted in damages as Plaintiff would not have accepted the Voucher as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, thus losing the money related to such acceptance of the Voucher.

115.    As a direct and proximate cause of Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of his benefit of the bargain and loss of purchase price and/or adequate refund amount and has missed travel opportunities that he will never get back due to lost time and expenses.

116.    Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for judgement against Defendant as to each and every count, including:

A.  An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Class, and requiring Defendant to bear the costs of class notice;

B.  An order enjoining Defendant from selling or distributing the Vouchers;

C.  An order enjoining Defendant from suggesting or implying that the Vouchers are effective for their intended purpose of reduced rates;

D.  An order requiring Defendant to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief;

E.  An order awarding declaratory relief and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendant from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendant's past conduct;

F.  An order requiring Defendant to pay restitution/damages to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, plus pre- and post-judgment interest thereon;

G.  An order requiring Defendant to disgorge any ill-gotten benefits received from Plaintiff and members of the Class as a result of any wrongful or unlawful act or practice;

H.  An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

I.  An order awarding attorneys' fees and costs to Plaintiff and the Class; and

J.  An order providing for all other such equitable relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Dated: September 18th, 2023


Respectfully Submitted,
/s/ Blake G. Abbott
Blake G. Abbott
Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
**POULIN | WILLEY**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
Email: blake.abbott@poulinwilley.com
       paul.doolittle@poulinwilley.com
       cmad@poulinwilley.com