IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02431-CNS-STV

WILLIAM MARVIN KLAES, individually
and on behalf of others similarly situated,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION
OF ITS MOTION TO DISMISS CLASS ACTION COMPLAINT
PURSUANT TO RULE 12(B)(6) AND (7)**

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant") submits this motion to stay discovery pending the resolution of its motion to dismiss Plaintiff's Class Action Complaint pursuant to Rule 12(b)(6) and (7) ("Motion to Dismiss," Doc. 15), and states as follows in support:

> **CERTIFICATE OF CONFERRAL**
>
> In accordance with Local Rule 7.1, Frontier's counsel conferred with Plaintiff's counsel on November 14, 2023 regarding Frontier's request to stay discovery pending resolution of its Rule 12(b) motion to dismiss. Plaintiff's counsel advised that his client opposes the relief requested herein.

## I. INTRODUCTION

Plaintiff William Marvin Klaes ("Plaintiff") filed this putative class action seeking a declaratory judgment, injunctive relief, and damages relating to a flight credit or voucher that

Plaintiff alleges he was issued for travel on Frontier but was unable to use because it had expired. (Compl., Doc. 1.)  Plaintiff asserts a nationwide class of "[a]ll persons in the United States who received a Voucher from Defendant from 2020 to the Present." (*Id.* at ¶ 31.)  Plaintiff asserts eight causes of action against Frontier: (1) negligent misrepresentation, (2) unjust enrichment, (3) breach of express warranty, (4) breach of implied warranty of fitness for a particular purpose, (5) breach of implied warranty of merchantability, (6) breach of contract, (7) fraud, and (8) fraudulent misrepresentation and/or inducement.  (*Id.* at passim.)

On December 11, 2023, Frontier filed a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and (7). (Doc. 15.)  If the Court grants Frontier's Motion, it will dispose of this matter entirely.  The Motion sets forth multiple substantive grounds militating for dismissal, including, *inter alia*, that: (1) Plaintiff's claims exclusively lie with a third party (US Airline Services LLC), and therefore, Plaintiff sued the wrong party; (2) Plaintiff expressly waived his right to bring any class action against Frontier under the terms of Frontier's Contract of Carriage; (3) Plaintiff's claims are preempted (and therefore barred) by federal law, including the Airline Deregulation Act; and (4) the Complaint otherwise fails to state any viable claim for relief against Frontier.

Frontier's Motion is well-founded in law and is case- and/or party-dispositive. Accordingly, the Court should, in its discretion, stay discovery pending its ruling on Frontier's Motion, thus avoiding unwarranted class-action discovery that will unnecessarily burden all parties hereto.

## II.  PROCEDURAL BACKGROUND

On September 18, 2023, Plaintiff filed his Complaint against Frontier seeking a declaratory judgment, injunctive relief, and damages relating to an alleged "non-refundable and inoperable" flight credit following cancellation of his flight on Frontier. (Compl., Doc. 1, at ¶ 17.) On October 5, 2023, the Court granted Frontier's unopposed request for a sixty-day extension of time to respond to the Complaint, up to and including December 11, 2023. (Doc. 8.) On November 16, 2023, the Court granted Frontier's unopposed motion to continue the Scheduling Conference and associated deadlines. (Doc. 14.) The Court reset the Scheduling Conference for January 31, 2024. (*Id.*) While discovery in this matter has not yet commenced, the parties' deadline to submit a proposed scheduling order is presently January 24, 2024. (*Id.*) Frontier filed its Motion to Dismiss on December 11, 2023. (Doc. 15.)

## III.  ARGUMENTS

**A.  Legal Standard.**

The Federal Rules of Civil Procedure afford district courts with broad discretion to control the timing of discovery in order to protect a party from annoyance, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). When deciding whether to stay discovery, courts in this District consider the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *1-2 (D. Colo. Mar. 30, 2006) (granting stay to allow for ruling on motion to dismiss).

3

While stays of discovery are generally disfavored, "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *WaterPik, Inc. v. H2oFloss*, No. 17-cv-02082-CMA-MJW, 2018 WL 11025770, at *1 (D. Colo. Mar. 8, 2018) (citation omitted). Courts, in fact, have regularly granted such stays pending resolution of dispositive motions and motions involving class action waivers. *See, e.g.*, *id.* at *1-2 (granting stay pending decision on jurisdictional motion to dismiss); *Dawson v. Continental Ins. Co.*, No. 13-cv-03511-PAB-KMT, 2014 WL 1210285, at *2 (D. Colo. Mar. 24, 2014) (granting stay of discovery pending resolution of dispositive federal preemption motion); *see also Roman v. Spirit Airlines, Inc.*, 482 F. Supp. 3d 1304, 1311 (S.D. Fla. 2020) (holding that enforceability of class action waiver "should be resolved [at the pre-discovery stage] by way of a motion to dismiss").

**B.  A Stay of Discovery Pending the Outcome of the Motion to Dismiss Is Warranted Because, Among Other Things, It Will Reduce the Burden of Litigation on the Parties and the Court, and Plaintiff Will Suffer No Prejudice From the Stay.**

In regards to the first *String Cheese* factor, a plaintiff generally has an interest in proceeding expeditiously in a case, but this interest does not warrant the denial of a motion to stay where, as here, the balance of the remaining factors weigh in favor a stay. *See, e.g., Frederick v. Col-Terra Investments XIV*, No. 17-CV-00410-MSK-STV, 2017 WL 1908121, at *1 (D. Colo. May 10, 2017) (holding that a "[p]laintiff's general interest in proceeding expeditiously does not overcome" the remaining factors that support a stay). Plaintiff also cannot articulate any "specific prejudice" by waiting for a decision on Frontier's Motion before engaging in costly discovery. *See id; see also Grosvenor v. Qwest Communications Intern., Inc.*, No. 09-CV-02848-WDM-KMT, 2010 WL 1413108, *1 (D. Colo. April 1, 2010) ("Altogether, it is in both parties' interests to save expenses while the initial determination of whether this case is subject to arbitration is considered by the

district court.").

The second factor also supports granting the requested stay because proceeding with class action discovery will impose a burden—in fact, a substantial burden—on Frontier. Here, Frontier has set forth multiple compelling grounds for dismissal of this action in its entirety. Further, *class action* discovery, which is often particularly broad and costly, is likely to be rendered wholly unnecessary if the Court grants Frontier's Motion. In circumstances like these, courts find the second favor weighs in favor of a stay. *See, e.g., Nardo v. Homeadvisor, Inc.,* No. 21-cv-1709-RM-KLM, 2022 WL 1198995, at *3 (D. Colo. Jan. 4, 2022) (recognizing burden on defendant to proceed with full discovery in a nationwide class action case when motion to compel arbitration is pending).

The third factor—convenience to the court—also weighs in favor of a stay. *See Dawson* 2014 WL 1210285, at *2 (recognizing that it is "certainly more convenient for the Court to grant the stay of discovery until it is clear that the case will proceed"); *Blau v. Ells*, No. 17-CV-01836-PAB-KLM, 2018 WL 11182727, at *1 (D. Colo. Feb. 2, 2018) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (citations omitted).

As to the fourth factor—the interests of third parties—there are no third parties that would be prejudiced by a stay. Indeed, in the event the Court finds that Plaintiff sued the wrong party and instead should have sued US Airline Services LLC, this third party will be prejudiced if discovery proceeds without it in the interim.

5

As to the fifth factor—the interest of the public—"the general public's primary interest in this case is an efficient and just resolution." *G.A. Resort Condo. Ass'n, Inc. v. ILG, LLC*, No. 19-CV-01870-RM-GPG, 2020 WL 5884684, at *2 (D. Colo. July 7, 2020). Accordingly, this factor also weighs in favor of a stay.

As set forth above, stays of discovery are warranted where, as here, the pending motion to dismiss includes dispositive preemption arguments and challenges to plaintiff's ability to bring a class action. *See, e.g., Roman*, 482 F. Supp. 3d at 1311 (holding that enforceability of class action waiver "should be resolved [at the pre-discovery stage] by way of a motion to dismiss"); *Dawson*, 2014 WL 1210285, at *2 (granting stay of discovery pending resolution of federal preemption arguments).

Furthermore, courts in this District have recognized the efficiency of staying the substantial discovery associated with class-actions while dispositive motions to dismiss are pending. *See, e.g.*, *Schmaltz v. Smithkline Beecham Corp.*, No. 08-CV-00119-WDM-MEH, 2008 WL 3845260, at *1–2 (D. Colo. Aug. 15, 2008) (staying discovery where "significant discovery may be necessary for class claims that would otherwise be irrelevant"). For these reasons, and because the *String Cheese* factors also weigh in favor of a stay, the Court should grant Frontier's motion to stay discovery pending the outcome of its Rule 12(b) motion.

### IV.   CONCLUSION

For the foregoing reasons, Frontier respectfully requests that the Court grant the present Motion and stay all discovery pending resolution of its dispositive pre-answer motion.

Dated December 12, 2023

                HOLLAND & KNIGHT LLP

                */s/ Anna S. Day*
                Anna S. Day, #50725
                1801 California Street, Suite 5000
                Denver, Colorado 80202
                Telephone: 303.974.6660
                Facsimile: 303.974.6659
                Email: anna.day@hklaw.com

                *Attorney for Defendant Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2023, a true and correct copy of the foregoing was filed via CM/ECF and served electronically through CM/ECF on the following:

Blake Garrett Abbott
Paul J. Doolitte
Poulin Willey Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
Email: blake@akimlawfirm.com
       paul.doolittle@poulinwilley.com

*Attorneys for Plaintiff*

                        */s/ Anna S. Day*
                        Anna S. Day